IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY WINTERS, # T3633                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:11CV597-HTW-LRA

CAPTAIN MICHAEL JOHNSON, LINSTON
BROWN, AYANNA PATTON, SEAN K.
SMITH, SHERYL A. POOLE, UNKNOWN
TILLMAN, NURSE F. BROWN, D. HARRIS,
VINCENT HACKETT, CHRISTOPHER
EPPS, JAMES M. HOLMAN, WARDEN E.
LEE, and LT. WILLIAM THORNTON                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER DISMISSING
## NURSE BROWN AND EPPS AND DENYING JOINDER OF MDOC

BEFORE THE COURT are *pro se* Plaintiff Timothy Winters's Complaint [1] and Response [11]. He is incarcerated with the Mississippi Department of Corrections ("MDOC"). He brings this action challenging his conditions of confinement. In his Response, he seeks voluntarily to dismiss defendant Nurse F. Brown and to add MDOC as a defendant. This court, having considered and liberally construed the pleadings, hereby grants plaintiff's motion to dismiss Nurse Brown from this litigation, but denies plaintiff's motion to add MDOC. Further, this court is persuaded to dismiss defendant Christopher Epps from this litigation. The remainder of the case will proceed.

### BACKGROUND

Winters is a Mississippi inmate formerly held at the Central Mississippi Correctional Facility. He alleges that, while there, he underwent oral surgery in June of 2011 and was prescribed follow-up medical treatment and medicine. Various defendants herein, according to plaintiff, who were aware of the prescribed medical regimen allegedly refused to give him the

medical treatment.  Further, he alleges that after repeated requests for medical treatment, he was escorted to see the the jail nurse by defendant correctional officer Linston Brown.  While waiting to see the nurse, Winters says, he was subjected to excessive force by Linston Brown and others who thereafter engaged in efforts to cover up the alleged excessive force.

On September 26, 2011, Winters filed the instant Complaint alleging excessive force, conspiracy, retaliation, and denial of medical care.  He brings a claim against defendant MDOC Commissioner Epps, individually, based on his role as employer of the tortfeasors. Winters seeks compensatory and punitive damages against all defendants.  He now seeks voluntarily to dismiss Nurse Brown and join MDOC as a defendant.

## DISCUSSION

### NURSE BROWN

First, Winters seeks voluntarily to dismiss Nurse Brown.  A "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(i).  Because Nurse Brown has not yet appeared in this cause, Winters' motion  voluntarily to dismiss Nurse Brown is well taken.  Nurse Brown is dismissed without prejudice.

### MDOC

Next, Winters seeks to add MDOC as a defendant, because it is "the employer[] of these individual's [sic] named as the Defendant [sic] in this case, and if [its] employees fail. . . . [it] should be responsible. . . ."  (Resp. at 4).  For the reasons set forth below, the motion to add MDOC is denied as futile.

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma*

*pauperis* in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The court has permitted Winters to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

> Section 1983 provides as follows:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Title 42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is

considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the Section 1983 claims against MDOC are futile.

To the extent Winters wishes to sue MDOC under the Mississippi Tort Claims Act, these claims are likewise futile. The Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4).

EPPS

Finally, the court notes that Winters sues Epps, like MDOC, solely because he is "the employer" of the remaining Defendants. Winters complains of no act or omission from Epps. "There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Therefore, Plaintiff fails to state a claim against Epps under Section 1983.

Furthermore, the vicarious liability claim against Epps under state law is frivolous. He is sued solely in his individual capacity. It is undisputed that he, individually, is not the employer of the other defendants; rather, as Winters acknowledges, MDOC is their employer.

The court, then, dismisses Epps from this litigation. This dismissal counts as a strike under Title 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Timothy Winters's [9] Response, which the court construes as a motion to voluntarily dismiss and to amend, is **GRANTED** as to the voluntary dismissal of Defendant Nurse F. Brown and **DENIED** as to joining the Mississippi Department of Corrections. Nurse

Brown is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 claim against Defendant Christopher Epps should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and the state law claim against Epps is **DISMISSED WITH PREJUDICE** as frivolous.  This dismissal counts as a strike under Title 28 U.S.C. § 1915(g).  The remainder of the case will proceed.

**SO ORDERED**, this the 20th day of January, 2012.


s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE